United States District Court
Southern District of Texas
FILED
JUN 12 2003
Michael N. ~
Clerk of Court

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Brownsville Tx. Southern |
|---|---|
| Name of Movant  Buenrostro, Eulalio | Prisoner No.  11659-179  Case No. B-03-113 |

Place of Confinement  *Eden Detention Center    Eden, Tx. 76837*

| UNITED STATES OF AMERICA | v. | Buenrostro, Eulalio  (name under which convicted) |
|---|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack *Federal District Court. Brownsville, Tx. 78520*

2. Date of judgment of conviction *03-18-2002*

3. Length of sentence *87 months*

4. Nature of offense involved (all counts) *21:841(A)(1)/(B)(1)(A); 18:2 Poss w/intent To Dist A Quantity exceeding 5 kilos, Approx 6.34 kilos, of cocaine.*

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   *NONE*

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court _____N/A_____

    (b) Result _____N/A_____

    (c) Date of result _____N/A_____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11.  If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____N/A_____

       (2) Nature of proceeding _____N/A_____

       (3) Grounds raised _____N/A_____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☒

       (5) Result_____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised_____N/A_____

       _____

       _____

       _____

       _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion? ·
    (1) First petition, etc.    Yes ☐ No ☒
    (2) Second petition, etc.    Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_N/A_ _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds without stating facts

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Mistake of my sentence.

Supporting FACTS (state briefly without citing cases or law) I recieved the saffey Value, which it is only for people whom are NOT THE LEADER or MANAGER. I ended up at Level 26, But they added 3 points Labeling me the manager. I request for the 3 point enhancement to be removed since i recieved the saffey value, before been labeled manager.

B. Ground two: I request for 2 points to be taken off, for my minor participation, and the right amount of supervised release.

Supporting FACTS (state briefly without citing cases or law): I did not have an ounce of drugs in my possion. My co-detendent was the one caught with the drug and point everything on me. My vehicle was searched and was clean. I was searched and I was clean. My participation was minimal, but if you think it was minor, I will accept it

C. Ground three: I request for my sentence to be lowered for Aberrant behavior.

Supporting FACTS (state briefly without citing cases or law): I participated with my co-detendent for a means of paying rent, bills, house necessities, children cloth. I also have a son whom was diagnosed with a spinal disease. I was also having to travel and have expenses, stress. I am also not a thug or

AO 243 (Rev. 5/85)

drug dealer. I am a law-abiding citizen. It was just a very bad choice, I made in life. And very sincerly sorry for it.

D. Ground four: ~~I~~ I request to recieve my drug program and my year of credit. Or to reduce my sentence by 2 points.

Supporting FACTS (state *briefly* without citing cases or law): At the time of sentence the judge in my case recommended me to the drug program to get rehabilitation for amy drug addiction. As any other citizen i request my one year credit. Since INS has put a detainer on me I can not participate in the drug program. For those are BOP's policy.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Raynaldo G. Garza Jr. III    680 East Staint Charles . Brownsville , Tx . 78520

(b) At arraignment and plea SAME

_____

(c) At trial N/A

_____

(d) At sentencing SAME

_____

_____

AO 243 (Rev. 5/85)

(e) On appeal _N/A_ _____

_____

(f) In any post-conviction proceeding ~~SAME~~ _N/A_ _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _N/A_ _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_ _____

_____

_____

(b) Give date and length of the above sentence: _N/A_ _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

**Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.**

_[signature]_
_____
Signature of Attorney (if any)

632015405

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_MAY 11, 2003_
_____
(date)

_[signature]_
_____
Signature of Movant

EULALIO BUENROSTRO
Reg. No. 11659-179
Eden Detention Center
P.O. Box 605
Eden Tx. 76837

In Pro per

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, )
                          )     CASE NO.  B-03-113
              PLAINTIFF,  )
                          )     MOTION FOR REDUCTION
      vs.                 )     OF SENTENCE PURSUANT
                          )     TO 28 U.S.C.A. 2255.
  EULALIO BUENROSTRO,     )
                          )
              DEFENDANT.  )

---

### INTRODUCTION

Comes now defendant EULALIO BUENROSTRO and respectfully
moves this Honorable Court pursuant to 28 U.S.C. § 2255 to reduce
my sentence by 2 points.
I justify this downward departure on grounds that counsel failed
to argue that Defendant ineligibility for minimum security confin-
ement, drug program, and prelease custody as a result of my status
as a deportable alien contitutes significant mitigating factors
that should have been considered by the sentencing court.

I assert that the disparate sentences that result between alien
and American inmate as a consequence of immigration detainers
lodged automatically in an alien's Bureau of Prisons(BOP) file con
stitute a violation of equal protection under the law. Const.
Amend. 14.

## STATEMENT OF THE FACTS

Defendant is a native of Mexico, a lawful permanent resident alien since 1979. On March of 2002, Defendant pled guilty to charges of controlled substance violation pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. Defendant thus became automatically deportable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101 (a)(43).

The pre-sentence report (PSI)clearly states that Defendant could be deported as a result of his conviction., and counsel was well aware that Defendant was an alien. In spite of this, counsel fails to raise the issue of deportability as a mitigating circumstance at sentencing. Defendant claims that this prejudicial omission by counsel constitutes a performance below accepted professional standards which warrant resentencing.

### LAW AND ARGUMENT

1.  Prejudicial Error

Pursuant to United States v. Gaither, 1 F.3d. 1040 (10th Cir 1993), trial courts may properly depart from sentencing guildline if Sentencing Commission did not account for mitigating factors. In United States v. Smith, 27 F. 3d 649 (D.C. 1994)(the defendant's ineligibility for pre-release custody and minimum security confinement as a result of his status as a deportable alien constituted a mitigation factor to be considered by the trial court) See also United States v. White, 71 F. 3d. 920,922 (1995)(trial court granted defendant six months downward departure in accordance with Smith because defendant was an alien and accepted deportation, giving up his right to appeal,) and United States v. Agu 763 F. Supp. 703 (1991)(Trial court departed downward to account for mitigating circumstances stemming from consequences of alien

defendant's accepting deportation).

The United States Sentencing Commission did not consider that the impact of a defendants status as a deportable alien would beget him harsher treatment by the Bureau of Prisons. U.S. v. Anderson, 82 F.3d 436,439 (D.C. Cir. 1996). In citing U.S. v. Smith, 27 F.3d 649(D.C. Cir. 1994), the Anderson court said:

> "In that case, holding that a downward departure was permissible where defendant would serve his sentence under harsher conditions solely becuase he a deportable alien, neither the majority nor the dissent could find any suggestion that the Commission had cosidered that circumstances at all in establishing the guild-lines."

ANDERSON, 82 F.3d at 438.

In Smith the court carefully analyzed the Bureau of Prisons approach to determining whether a deportable alien may be eligible for 'community confinement' (HALFWAY HOUSE)for the last ten percent of his sentence and whether he might be designated to a minimum security facility defore the last ten percent of his sentence. Smith, 27 F.3d at 654. The court concluded that a downward departure may be appropriate if the defendant's status as a deportable alien is likely to cause him to be precluded from these benefits. Id. at 655.

The Bureau of Prisons policy on the matter allows assignment to a minimum security prison or community correction center for deportable aliens who have a history of strong family or community ties, of domicile in the U.S. of five years or more, and stable employment. Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9 Id. at 655. The Bureau

of Prisons applies the same criteria to its determination as to whether an alien is eligible for minimum security facility. Id. at 654.

The 9th Circuit has held that the fact of deportability, without more, is insufficient to warrant a downward departure under U.S.S.G. § 5K2.0. U.S. v. Cubillos, 91 F.3d 1342 (9th Cir. 1996). It further held that "the district courts must make a refined assessment of the many facts bearing on the outcome." Id. @ 1345. Defendant takes the position that the circumstances described in the next section warranted that counsel argue for, and the court consider at sentencing, the effects of his mandatory INS detainer on Defendant's incarceration.

II.  Ineffective Counsel

Claims of ineffectivity of counsel's errors or omissions constituted a failure to exercise the skill and judgment of a rea sonably competent attorney, and that counsel's deficient performance prejudiced Defendant. Strickand v. Washington, 466 U.S. 668, 686 (1984).

In the instant case, counsel was aware that Defendant was as alien.Defendant speaks English.

Further, as stated above, the PSI makes it clear that Defendant is subject to deportation. Counsel received the PSI at least 10 days prior to the day of sentencing. Furthermore, Counsel did not except collect calls for Defendant and Counsel chose to go on vacation the week of Defendant's sentencing causing delay. Counsel also told Defendant the he could be deported as a result of his conviction. Dispite these flags, counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advise Defendant of this form of relief.

This is even mor perplexing in the light of the Attorney General's Sentencing Memorandum to all U.S. attorneys dated April 28, 1995, authorizing prosecutors to agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability. The Attorney General concedes that 'such downward departure is Justified on the basis that it is conduct not contemplated by the guildline. See U.S.S.G. § 5K2.0.' App. A at page 2. Counsel failed to raise this matter with the U.S. Attorney's Office during plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to Defendant's detriment.

This would not be so bad were it not for Defendant's further ineligibility for BOP early release programs. Defendant is now redered ineligible to participate in the Drug Rehabilitation Program as well. 18U.S.C. § 3621. Successful candidates typically obtain up to 1 year reduction in sentence upon completion of the course.

Defendant's disqualification for community supervised "after care" as a result of my immigration detainer renders me ineligible for this program. 18U.S.C. § 3621 (e).

Defendant is further barred from qualifing for early release pursuant to 18 U.S.C. § 3624 (C), a program which enables the prisoner to be phased into the community up to six months prior to my release date.

As an example of how these benefits create sentencing disparities, Defendant illustrates the following case: an American sentenced to 60 months for a drug offense is eligible for a maximum reduction in his sentence of 1 year drug program and 6 mo. halfway house. Without considering and

Without considering Good Conduct Time credits, which is common to all inmates, the American is out on the streets a year and a half earlier than his alien counterpart. This disparate treatment is undeserved, and constitutes a violation of equal protection of the laws. Constitution Amendment 14.

## CONCLUSION

WHEREFORE, for the foregoingreasons, Defendant respectfully requests that this Honorable Court grant me a two point downward departure from my sentence.

- Respectfully submitted this __*10*__ day of __*June*__ Of 2003.

EUZALIO BUENROSTRO

Safety Valve


Ground one: Cite as 105 F.3d 1460 (D.C.Cir.1997)

1. Criminal Law --1139,1158(1)
   When reviewing propriety of destrict court's refusal to senten-
ce under safety valve provision of Sentencing Guidelines,distri-
ct court's legal conclusions are reviewed de novo' its factual
findind under clearly erroneous standard, and its application of
Sentencing Guidelines to facts with due deference. 18 U.S.C.A.§
3742(e).


4. Drugs and Narcotics --133
   Basic purpose of safety valve provision of Sentencing Guide-
lines, providing exception to mandatory minimum sentences for drug
trafficking offenses by least culpable offenders, is to spare minor
participants in drug trafficking enterprises from mandatory sentences
that would be disproportionate to defendant's culpability. U.S.S.G.§
1B1.3(a)(1)(B), 18 U.S.C.A.

   Acting to prevent the mandatory minimum sentences for certain drug
trafficking offenses from causing the "least culpable offenders (to)
receive the same sentences as their relatively more culpable counter-
parts," H.R.Rep. No.103-460, at 4 (1994), Congress added the so-
called "safety valve"provision to the Sentencing Guidelines in 1994,
Mandatory minimum Sentencing Reform Act of 1994, Pub.L. No.103-322,
Tit. VIII, 108 Stat. 1796, 1895-96 (condified at 18 U.A.X. §3553(f).
The safety valve requires district courts to disregard these statut-
ory minimum sentences and instead to sentence pursuant to the Guide-
lines when a defendant satisfies five indicators of reduced culpabi-
lity:1) the defendant has no more than one criminal history point;
2) the defendant "did not use violence or credible threats of vio-
lence or possess a firearm or other dangerous weapon (or induce ano-
ther participant to do so) in connection with the offense"; 3) the
offense did not result in death or serious bodily injury; 4) the
defendant was not a leader or organizer of the offense; and 5) the
defendant has fully cooperated with the government. U.S.S.G. § 5C1.2
(1995); 18 U.S.C. §3553(f)(2).

Supervised Release

Ground two: Cite as 249 F. 3d 963 (9th Cir. 2001)

We are cognizant that 21 U.S.C. § 841(b)(1)(D) including its own provisions for supervised release, wholly separate from 18 U.S.C. §3583(b)(2). See 21 U.S.C. § 841 (b)(1)(D). In particular, under § 841(b)(1)(D), if a defendant has a prior felony drug conviction, he must be sentence to at least 4 year's supervised release; if a defendant has no prior felony drug conviction, he must be sentenced to at least 2 year's supervised release.

I do not have a prior felony drug conviction. See Presentence Report. Thus, I am subject to 21 U.S.C. § 841(b)(1)(D)'s statutory minimum of 2 year's supervised release, as well as 18 U.S.C. § 3583(b)(2)'s statutory maximum of 3 year's supervised release.

Aberrant Behavior

Ground three: Cite as 105 F.3d 426 (8th Cir. 1997)

1 Criminal Law -- 1301

Under Koon decision defining proper analysis for making departure decision under Sentencing Guidelines, "aberrant behavior" in general is unmentioned factor, and task for sentencing court is to analyze how and why specific conduct is allegedly aberrant, and whether guidelines adequately take into account aspects of defendant's conduct that are in fact aberrant. U.S.S.G.§ 5K2.O,p.s., 18 U.S.C.A.

2. Criminal Law --1263

Under Koon decision definding proper analysis for making departure decisions under Sentencing Lines, when sentencing court deals with unmentioned potential departure factor such as alleged aberrant behavior, court is to consider structure and theory of both relevant individual guidelines and guidelines taken as a whole. U.S.S.G.§ 5K2.O,p.s., 18 U.S.C.A.

Continue: Cite as 266 F.3d. 228 (3rd Cir. 2001)

[1] In relevent part, the text of 5K2.20, which became effective on November 1, 2000, provides as follows:

Asentence below the applicable guideline range may be warranted in an extra ordinary case if the defendant's criminal conduct constituted aberrant behavior.....

Commentary

Application Notes:

1. For purpose of this policy statement-"Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed with out significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an other-wise law-abiding life.....

2. In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defentant's (A) mental and emotional conditions: (B) employment record; (C) record of prior good works; (D) motivation

for committing the offense; and (E) efforts to mitigate the effects of the offense.

The Commission then defined "aberrant behavior" in Application Note 1 to mean "a single criminal occurence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration ; and (C) represents a marked deviation by the defendant from an other-wise law-abiding life." The commission explained that its definition was more flexible than the interpretations given by the circuits and attempted to provide guidance and limitations regarding what could be considered such behavior. See U.S. Sentencing Guidelines Manual, supp. app. C, amend. 603, at 78-79 (2000). At the same time, it declined to adopt a "totality of the circumstances" approach and belived that the guideline would not broadly expand departures for aberrant behavior. See id. at 79.