United States District Court
Southern District of Texas
FILED

JUL 2 3 2003

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| EULALIO BUENROSTRO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-113 |
| | § | CRIMINAL NO. B-01-587-2 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

United States District Court
Southern District of Texas
ENTERED

JUL 2 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eulalio Buenrostro has filed an untimely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On December 12, 2001, Petitioner pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute a quantity exceeding five kilograms of cocaine. On March 18, 2002, the District Court sentenced Petitioner to eighty-seven (87) months incarceration, to be followed by five years of supervised release. The district court also imposed a $100 special assessment. The judgment was entered on March 27, 2002.

Petitioner Buenrostro did not file a direct appeal, therefore his conviction became final on April 11, 2002. On June 12, 2003, Petitioner filed this 28 U.S.C. § 2255 Application for Relief.

### ALLEGATIONS

Petitioner claims that his constitutional rights were violated in two ways: (1) the disparate treatment he receives by virtue of his alien status represents a due process violation, and (2) his

1

trial counsel was ineffective in failing to seek a downward sentencing adjustment due to the

collateral consequences of his conviction and confinement.

## ANALYSIS

Petitioner Buenrostro filed the instant federal petition for writ of habeas corpus on June

12, 2003. As such, his petition is subject to review under the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA).[1] The AEDPA provides a one-year limitation period for filing

federal habeas corpus petitions. The provisions of 28 U.S.C. § 2255 set forth four different

scenarios that start the running of the one-year limitations period:

> The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

The record does not reflect that any unconstitutional "governmental action" impeded

Buenrostro from filing for federal habeas corpus relief prior to the end of the limitations period.[3]

In addition, the claims do not concern a constitutional right recognized by the Supreme Court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

[2] See 28 U.S.C. § 2255.

[3] Id.

2

within the last year and made retroactive to cases on collateral review.[4]  Furthermore, Buenrostro

has not shown that he could not have discovered the factual predicate of his claims until a date

subsequent to the date his conviction became final.[5]  Accordingly, the latest date (the date the

limitations period should begin to run), is the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review.[6]

    In this case, Buenrostro's conviction became final when the time for filing a notice of

appeal expired (ten days after the sentence was imposed), on April 11, 2002.[7]  Therefore,

Petitioner had until April 11, 2003, to file a timely § 2255 petition.  Petitioner actually filed his §

2255 petition on June 12, 2003; thus, it should be dismissed as time barred.

## RECOMMENDATION

    For the reasons set forth above, Petitioner's 28 U.S.C. §2255 Petition for Habeas Corpus

Relief should be DENIED.

    A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 10 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[4] Id.

[5] Id.

[6] Id.

[7] FED. R. APP. P. 4(b)(1).

3

court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

     DONE at Brownsville, Texas, this _23rd_ day of July, 2003.


                                     Felix Recio
                                     United States Magistrate Judge

---

[8] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

4

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EULALIO BUENROSTRO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-113 |
| | § | CRIMINAL NO. B-01-587-2 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge