UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 8 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| EULALIO BUENROSTRO,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-03-113<br>(CRIMINAL NO. B-01-587-2) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

United States District Court
Southern District of Texas
ENTERED

OCT 3 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EULALIO BUENROSTRO,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-03-148<br>(Consolidated with C.A. No. B-03-113) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

## MAGISTRATE JUDGE'S SECOND AMENDED
## REPORT AND RECOMMENDATION

Eulalio Buenrostro has filed an untimely 28 U.S.C. § 2255 Application to Vacate, Set

Aside or Correct Sentence. In addition, under separate cover, Buenrostro filed a 28 U.S.C. § 2241

petition, which raises the same grounds for relief that were advanced in his § 2255 application.

Buenrostro's § 2241 petition was initially assigned a unique cause number, B-03-148. In an order

dated October 14, 2003, this Court consolidated B-03-148 with this cause of action, which is

designated as B-03-113. For the reasons set out below, both Petitioner's 28 U.S.C. § 2255

motion and his 28 U.S.C. § 2241 application should be DENIED.

## BACKGROUND

1

On December 12, 2001, Petitioner pled guilty pursuant to a plea agreement to possession with intent to distribute a quantity exceeding five kilograms of cocaine. On March 18, 2002, the District Court sentenced Petitioner to eighty-seven (87) months incarceration, followed by five years of supervised release. The district court also imposed a $100 special assessment. The judgment was entered on March 27, 2002. Petitioner Buenrostro did not file a direct appeal, therefore his conviction became final on April 11, 2002.

On June 12, 2003, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This Court issued a Report and Recommendation (Docket No. 3), suggesting that the district court deny relief because the petition was time-barred. The Court then issued an Amended Report Recommendation (Docket No. 4), to correct a mistake in the initial Report and Recommendation.[1]

On August 12, 2003, Buenrostro filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, which raises precisely the same grounds for relief that were raised in the Petitioner's § 2255 motion. Buenrostro's § 2241 petition was initially assigned a unique cause number, B-03-148. In an order dated October 14, 2003, this Court consolidated B-03-148 with this cause of action, which is designated as B-03-113. The Court now takes this opportunity to issue a second amended Report and Recommendation, which addresses both the Petitioner's § 2255 motion and his § 2241 application.

### ALLEGATIONS

---

[1] This Court's initial Report and Recommendation stated that Petitioner pled guilty to conspiracy to possess cocaine, when in actuality Petitioner pled guilty to possession with intent to distribute more than five kilograms of cocaine.

Petitioner claims that his constitutional rights were violated in two ways: (1) the disparate treatment he received by virtue of his alien status represents a due process violation; and (2) his trial counsel was ineffective in failing to seek a downward sentencing adjustment due to the collateral consequences of his conviction and confinement.

## ANALYSIS

A. Petitioner's Initial § 2255 Application.

Before this Court can address the merits of Buenrostro's arguments, it is necessary to first turn to the question of whether or not we may even properly consider his claims. In particular, the issue of Petitioner's timeliness in filing his § 2255 application is of great import to the resolution of this case. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time barred).

Buenrostro filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). 28 U.S.C. § 2255 provides a one-year time limit for filing a § 2255 motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

3

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

After reviewing the record, it is clear that no unconstitutional "governmental action" impeded Buenrostro from filing for § 2255 relief prior to the end of the limitations period. *See id.* In addition, the Petitioner's claim does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* Furthermore, Buenrostro has not shown that he was unable to discover the factual basis for his claims until a date subsequent to the day his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

In the case at hand, Buenrostro's conviction became final when the time for filing a notice of appeal expired –i.e., it became final on April 11, 2002. *See* FED. R. APP. P. 4(b)(1). Therefore, Petitioner had until April 11, 2003, to file a timely § 2255 application. Petitioner actually filed his § 2255 application on June 12, 2003; thus, it should be dismissed as time barred.

B. <u>Petitioner's § 2241 Application</u>.

As previously noted, after filing his initial § 2255 motion Buenrostro filed a § 2241 application, asserting the same grounds for relief that were stated in his § 2255 motion.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under that section is

warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78.

In certain circumstances, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the "savings clause" in § 2255. *See id.* at 878; *McGhee v. Hanberry*, 604 F.2d 9, 10 (th Cir. 1979). However, a motion under § 2241 is not a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *McGhee*, 604 F.2d at 10. A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

In the case at hand, Petitioner has not even alleged that he can satisfy the requirements of the savings clause, much less come forward with evidence to show the inadequacy or ineffectiveness of a § 2255 motion. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Furthermore, even if he had, the Court is confident that Buenrostro could not satisfy the factors set forth by the Fifth Circuit for petitioners seeking to file a § 2241 application in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *Jeffers*, 253 F.3d at 830. Therefore, because Buenrostro's petition filed under § 2241 attacks errors that occurred at trial and sentencing, it is properly construed as a § 2255 motion. *Tolliver*, 211 F.3d at 877.

5

As earlier noted, Petitioner had until April 11, 2003, to file a timely § 2255 application. Petitioner actually filed his second § 2255 application on August 21, 2003; thus, like his previously-filed § 2255 motion, it too should be dismissed as time-barred.

The Court would strongly caution Buenrostro to take great care if he decides to file any additional habeas corpus petitions in the future. It appears that the Petitioner's decision to file his latest application for habeas relief under the guise of a § 2241 motion was an attempt to circumvent the AEDPA's successive application requirement or the AEDPA's timeliness requirement. Such abuses will not be tolerated and could subject the Petitioner to sanctions or other appropriate penalties.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, and his 28 U.S.C. § 2241 Petition for Habeas Corpus Relief, which was herein treated as § 2255 motion, should be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of October, 2003.

Felix Recio
United States Magistrate Judge

7